Contracts; termination for convenience; reimbursable costs; froceedings on remand to trial division. — In an opinion on the parties’ cross-motions for summary judgment re *726 ported at 198 Ct. Cl. 628, 461 F. 2d 1299 (1972), tbe court held, in the circumstances of this suit for breach of contract (plaintiff having been denied all administrative remedy), that the Government was equitably estopped from failing on June 30,1970 to renew the contract for another year to June 30,1971, and that plaintiff is entitled to recover the amounts allowable under the termination-for-convenience clause of the contract, as if the contract were to expire June 30, 1971 and had been terminated for the Government’s convenience on June 30, 1970. The case was remanded to the trial division for determination of the amount of plaintiff’s recovery. On September 17, 1973 Trial Judge Schwartz filed a recommended decision (reported in full at 19 CCF para. 82525). It is pointed out therein that since there were no administrative proceedings, the termination-for-convenience clause has been applied in the instant proceeding by analogy to administrative termination proceedings in determining allowable costs. The analogy pays deference to the settled principle that in the absence of express provision the costs of prosecuting a claim against the United States are not recoverable, and that principle requires the nonallowance of the legal fees for the prosecution of the instant action insofar as the action sought to impose liability. However, the costs of proceedings on remand to determine the amount of recovery are allowable. Profit on direct labor costs are recoverable, as well as on direct material costs, under the regulations clause allowing profit on the cost of “articles and materials” not processed into units of work and remaining on hand at termination, labor being the principal component of the unit of the work to be sold by plaintiff to the Government. Claimed fees for legal services were reduced because of counsel’s intimate relation to plaintiff, plaintiff’s lack of prosperity and its closely-held character. This case came before the court on both parties’ motions requesting that the court adopt the recommended decision. Since the court agrees with the decision, by order dated December 14, 1973 the court granted the parties’ motion, adopted the said decision as the basis for its judgment in this case, and entered judgment for plaintiff for $35,565.44.